ELECTRONIC

**June 06, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

# 08-80612-Civ-MARRA/JOHNSON

VITACOST.COM, INC.,

     Plaintiff,

v.

SUN WATER SYSTEMS, INC.

     Defendant.

_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, Sun Water Systems, Inc. ("Sun Water Systems"), hereby files this Notice of Removal of the civil action entitled *Vitacost.com, Inc. v. Sun Water Systems, Inc.*, Case No. 50 2008 CA013133XXXX MB (AB), from the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, to this Court, whose district and division embraces the Judicial Circuit wherein this action is now pending. Defendant timely files this Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446. As grounds for removal, Defendant states:

### I.
### INTRODUCTION

This action was commenced in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida on May 7, 2008, by the filing of a Complaint by Plaintiff, Vitacost.com, Inc. ("Vitacost"). Sun Water Systems received service of process on May 12, 2008. All pleadings and papers which have been filed in the aforementioned

action are attached hereto as Composite Exhibit "A."   Those pleadings include the Complaint, Summons and a Notice of Appearance.

Sun Water Systems removes this matter to federal court based on diversity jurisdiction as defined in 28 U.S.C. § 1332(a).   It does so within the 30 day period outlined in 28 U.S.C. § 1446(b).

## II.
## NATURE OF LAWSUIT

In its Complaint, Vitacost alleges various causes of action against Sun Water Systems, including an alleged antitrust violation under the Florida Antitrust Act. Essentially, Vitacost contends that Sun Water Systems improperly terminated Vitacost's dealership for Sun Water Systems' products.   It seeks both monetary damages and injunctive relief.

## III.
## DIVERSITY JURISDICTION

This lawsuit is properly removed to federal court based on diversity jurisdiction. With respect to citizenship, there is complete diversity among the parties.   Vitacost is incorporated in Delaware and has its principal place of business in Florida.   As a corporation, it is thus a citizen of Delaware and Florida.   Sun Water Systems is incorporated in Texas and has its principal place of business in Texas.   Again, as a corporation, Sun Water Systems is thus a citizen of Texas.

In addition, the amount in controversy in this case exceeds $75,000.   In its Complaint, Vitacost states that "the lawsuit is an action exceeding $15,000 exclusive of

2

interest, costs, and attorney's fees." Vitacost does not, however, specify a particular amount of damages.

It is nevertheless clear on the face of the Complaint that the alleged amount in controversy in this case well exceeds $75,000. In its Complaint, Vitacost alleges that Sun Water Systems represented that "it would supply VITACOST with Aquasana Water Systems to resell to its over 500,000 customers." Because of Sun Water Systems' alleged improper termination of Vitacost's dealership, Vitacost alleges that "lost a significant amount of sales and lost profits . . . ." Thus, Vitacost has alleged that it is entitled to lost sales and profits from its 500,000 customers. Even if Vitacost's profit margins are quite small, the alleged damages in this lawsuit are well above $75,000.

Vitacost also alleges that Sun Water Systems' actions violate the "Florida Antitrust Statutes." In particular, Vitacost alleges that Sun Water Systems' MAP program constitutes an unreasonable vertical restraint against competition. Vitacost thus asks the Court to invalidate Sun Water Systems' MAP program. It also requests that the Court issue treble damages and award Vitacost its attorney's fees, both as provided for under the Florida Antitrust Act.

Given Vitacost's allegation that Sun Water Systems' alleged unlawful actions have caused losses in the form of lost sales and profits from its 500,000 customers, Vitacost's alleged damages in this lawsuit will certainly exceed $75,000. This is especially true given that Vitacost seeks treble damages and attorney's fees under the Florida Antitrust Act. With this statutory treble damage multiplier and attorney's fees award, Vitacost's alleged total damages will certainly be more than $75,000.

3

## IV.
## JURY DEMAND

Vitacost has made a jury demand.

## V.
## CONCLUSION

This notice of removal complies with the requirements of the federal statute for removal based on diversity jurisdiction. The Plaintiff and Defendant are diverse in citizenship, and the amount in controversy exceeds $75,000. Based on this Court's diversity jurisdiction, the action is properly removed from state court to federal court.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via regular U.S. Mail this _6_ day of June, 2008, to: Ira Kerker, 5400 Broken Sound Blvd. NW, Suite 500, Boca Raton, FL 33487.

GREENBERG TRAURIG, P.A.
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Telephone: (561) 650-7900
Facsimile: (561) 655-6222

By:_____
LORIE M. GLEIM, ESQ.
Florida Bar No. 0069231
*gleiml@gtlaw.com*

4

IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT, IN AND
FOR PALM BEACH COUNTY,
FLORIDA
CASE NO.: **2008 CA 013133 XXXX MI**
Florida Bar No.:   0991767

**AB**

VITACOST.COM, INC.,

    Plaintiff,

vs.

SUN WATER SYSTEMS, INC,

    Defendant.

_____/

COPY
RECEIVED FOR FILING

MAY 0 7 2008

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## COMPLAINT FOR DAMAGES

Plaintiff, VITACOST.COM, INC. ("VITACOST") files this Complaint against

Defendant, SUN WATER SYSTEMS, INC. ("SUN") for money damages and injunctive

relief and in support states:

## INTRODUCTION

1.  This lawsuit is an action exceeding $15,000 exclusive of interest, costs, and

attorney's fees.

2.  That Plaintiff, VITACOST.COM, INC., is a Delaware corporation registered

to do business in the State of Florida and maintains its principal place of business at 5400

Broken Sound Blvd NW Suite: 500 Boca Raton, Florida 33487. Plaintiff, VITACOST is

an e-commerce and catalog discount retailer to the general public.

3.  That Defendant, SUN WATER SYSTEMS, INC., is a Texas



Corporation with its principal place of business at 325 N. Beach St Fort Worth, Texas 76117. Defendant, SUN, markets and sells Aquasana Water Systems for home use; some of which are sold through retailers like VITACOST and Costco and some are sold directly by SUN through its own website in and about Florida and other regions of the United States. SUN does business with the residents of the state of Florida by selling Defendant SUN's products directly to the end consumer. Defendant, SUN also has a website that markets their products for sale to the residents of Palm Beach County.

4. Defendant, SUN, has committed acts subjecting them to the jurisdiction of the state of Florida by operating, conducting, and engaging in a business venture in the state of Florida pursuant to Florida Rules of Civil Procedure 48.193

5. Additionally, Aquasana Water Systems are sold in retailers throughout Palm Beach County such as Costco.

### *FACTUAL BACKGROUND*

6. In January, 2008, Dale Koehresen, a Business Development employee of SUN, approached VITACOST about becoming an authorized dealer of SUN products, particularly the Aquasana water system. Mr. Koehresen knew that VITACOST was a discount e-retailer when he approached VITACOST about entering into such an agreement.

7. In February, 2008, VITACOST issued its first Purchase Order for Aquasana products. (Attached as exhibit A)

8. In February, 2008, SUN agreed to place a full page advertisement in VITACOST's spring 2008 catalog at a cost of $8,000. (Attached as Exhibit B)

9. On or about March 10, 2008 SUN shipped its first order of Aquasana products to VITACOST for resale.

10. On or about March 11, 2008 Mr. Koehrsen contacted VITACOST to advise it of very favorable press in the USA Today. Mr. Koehrsen advised that the "phones were ringing off the hook" at SUN for Aquasana products.

11. Throughout March, 2008 the two companies were negotiating the terms of the written dealer agreement. SUN agreed to add an Addendum to the agreement that stated that VITACOST could re-sell Aquasana products at any price it chooses as long as VITACOST advertised the products using the "too low too show" pricing feature. (Attached as Exhibit C)

12. SUN maintains a strict MAP program that states no company can advertise any products for a greater than 20% discount.

13. On or about March 18, 2008 VITACOST learned that Costco was both advertising and selling Aquasana products at a discount greater than 20%.

14. In an attempt to stay competitive, on or about March 31, 2008 VITACOST increased the discount for Aquasana products to greater than 20% off. However, in good faith, VITACOST maintained its advertised price at 20% off using the "too low too show" pricing feature.

15. On or about April 14, 2008, VITACOST received a letter from Charles Strand, CEO, of SUN terminating the dealer agreement. However, this notice of termination was invalid for failure to give VITACOST 30 days notice and failed to allow VITACOST to cure the alleged breach.

14. After 8 days of negotiation, on April 22, 2008 Charles Strand sent an e-mail terminating the negotiation. As a result VITACOST is forced to bring this action.

## COUNT 1 PROMISSORY ESTOPPEL

15. Paragraphs 1-14 are hereby incorporated by reference.

16. When SUN opened an account with VITACOST in March, 2008 they knew that VITACOST was a discount e-retailer with a direct mail catalog. They also knew that it would take a lot of time and money to add their line of products to the web site and catalog.

17. As an inducement to VITACOST to invest the time and money necessary to open this account, Houston Tomasz, V.P. at SUN signed an insertion order for a full page ad in the next VITACOST catalog at a cost of $8,000.

18. When VITACOST learned that Costco was selling Aquasana products at a greater than 20% discount, VITACOST responded by offering a greater than 20% discount at checkout using the "too low too show" pricing feature. This action was mutually acceptable to both parties. (See Exhibit C)

19. SUN responded to this offer of a greater discount to VITACOST's customers by terminating the Dealer Agreement. This termination was without cause and was improper and caused VITACOST monetary damages.

20. VITACOST detrimentally relied on SUN's promises and SUN should be required to pay VITACOST for its costs associated with adding SUN products to their website and catalog and should reimburse VITACOST for lost profits as a result of SUN's failing to keep its promises to VITACOST.

## COUNT 2 BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

21. Paragraphs 1-14 are hereby incorporated by reference.

22. Both parties to any business transaction are required to be honest, fair, and act in good faith.

23. VITACOST relied on SUN's representations that it would supply VITACOST with Aquasana Water Systems to resell to it's over 500,000 active customers. VITACOST spent a lot of time and money on marketing and invested a lot of expense in promoting SUN's products on the VITACOST website and catalog.

24. VITACOST was very clear to SUN that it was a discount e-retailer with a direct mail catalog. Prior to entering into this business relationship, the two companies negotiated language that VITACOST could sell SUN products at a discount greater than 20% as long as VITACOST used the "too low too show" pricing tool. It was agreed that this was not a violation of SUN's resale policy.  However, as soon as VITACOST matched Costco's sales price, SUN terminated the resale agreement. This termination was done in bad faith.

25.  Subsequently, VITACOST proposed alternatives to SUN to avoid the ultimate termination of the dealer agreement, however, SUN refused to work with VITACOST in good faith and find a solution that would be mutually acceptable, instead SUN simply cut off sales to VITACOST. This action was unreasonable and ultimately hurt VITACOST's customers and the end consumer.

26. SUN has a legal obligation to act honestly and reasonably when dealing

with retailers like VITACOST. SUN made representations that were false in an attempt to cause VITACOST to cause VITACOST to expend time and money only to unreasonably cut off supply to VITACOST when the orders started to grow.

27. As a result of SUN's conduct, VITACOST spent a substantial amount of money and wasted a substantial amount of time marketing a brand that has refused to ship product for resale. Additionally, VITACOST has lost a significant amount of sales and lost profits based on SUN's actions.

## COUNT 3 -- EQUITABLE ESTOPPEL

28. Paragraphs 1-14 are hereby incorporated by reference.

29. SUN benefited from the business relationship with VITACOST as a result of being marketed on the VITACOST website and being marketed to over 500,000 of VITACOST's active customers.

30. When SUN entered into this business relationship they knew or should have known that they would benefit significantly by VITACOST's exposure.

31. After SUN had access to all of VITACOST's customers and exposure on its website, SUN refused to ship the products to fill the orders and cut off any future business with VITACOST for "cause" without citing a reason for this termination. The only issue explanation communicated to VITACOST for this action was the use of the "too low too show" pricing feature which had already been agreed upon.

32. SUN should be equitably estopped from cutting off sales to VITACOST and benefiting from VITACOST's efforts when VITACOST simply complied with the agreement reached between the two companies.

## COUNT 4 – DAMAGES FOR FLORIDA'S ANTITRUST VIOLATIONS

33. Paragraphs 1-14 are hereby incorporated by reference.

34. The Florida Antitrust Act provides for award of money damages against a person or party who unlawfully seeks to restrain fair competition and trade.

35. VITACOST and SUN entered into a business relationship to re-sell Aquasana Water Systems to customers on the Internet.

36. VITACOST was discriminated against in Violation of the Florida Antitrust Statutes by being cut off from obtaining product to re-sell while other retailers were selling Aquasana Water Systems at a discount greater than 20%.

37. This discriminatory behavior is in direct violation with the Florida Antitrust Statutes.

38. As a result of SUN's actions, SUN has caused Plaintiff, VITACOST, to suffer substantial business loss and/or damages including reasonably anticipated loss of sales and profits, loss of customers, loss of good will, and other economic loss or damage to be established at trial.

## COUNT 5 -- SUN'S MAP POLICY IS IN VIOLATION OF THE FLORIDA ANTITRUST STATUTES AND SHOULD BE DEEMED UNENFORCABLE

39. Paragraphs 1-14 are hereby incorporated by reference.

40. The Federal Trade Commission determined that the more stringent MAP programs indivicually constituted an unlawful vertical restraint against competition, under a rule of reason analysis.

41. SUN's MAP policy goes too far in restraining competition and resulting in price fixing. It is not an Antitrust violation to maintain a certain minimum

advertised price to protect brand image, however, when the MAP program not only fixes re-sale prices but it restrains competition (by letting Costco sell at a greater discount than 20% and restricting others to a resale price of 20%) the MAP is illegal.  MAP programs that result in higher prices to the end consumer have been held to be unenforceable in the State of Florida.

42. When balancing the benefits to SUN against the negative effects on competition and the ultimate result in higher prices to the consumers in Palm Beach County, this Court should grant an order invalidating SUN's MAP program.

WHEREFORE, Plaintiff, VITACOST, demands judgment against Defendant, SUN, under The Florida Antitrust Act for compensatory damages, treble damages, reasonable attorneys fees and costs, as well as all other relief which the Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiff, VITACOST, requests the entry of a judgment in its favor and against Defendant, SUN, as follows:

A.     An Order that Defendant, SUN must resume shipping orders to Plaintiff, VITACOST;

B.     An Order that Defendant, SUN'S MAP program is illegal under Florida law and unenforceable;

C.     A judgment awarding Plaintiff, VITACOST monetary damages for its lost sales, profits, customers, marketing expenses and good will;

D.     A judgment awarding Plaintiff, VITACOST its reasonable attorney's fees and costs pursuant to applicable law; and

E.     For such other and further relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff, VITACOST, demands trial by jury of all claims and issues in this action

triable by jury.

Date: May ___1st___,2008

Respectfully submitted,

BY: _____
Ira Kerker,
Attorney for Plaintiff VITACOST.COM,
INC.
5400 Broken Sound Blvd NW
Suite 500
Boca Raton, FL 33487
 (561) 982-4180
Facsimile (561) 443-2627
Florida Bar #0991767

# Commercial Invoice

817-536-5250
Sun Water Systems, Inc.
6310 Midway Rd
Haltom City, TX 76117
http://www.aquasana.com
sales@aquasana.com

Invoice #184103   |IIII IIIII IIIIII IIII IIIII IIIIII IIIII IIIIII IIII IIII
P.O. Number: verbal R.Singh

| Bill to: |
|---|
| Vitacost.com
Roger Singh
2055 High Ridge Road
Boynton Beach, FL  33426
UNITED STATES
5617528888 |

| Ship to: |
|---|
| Vitacost.com
Roger Singh
2055 High Ridge Road
Boynton Beach, FL  33426
UNITED STATES
5617528888 |

| Customer # | Invoice Date | W4L Code | Order Type | Item Count | Total Weight | Ship Via |
|---|---|---|---|---|---|---|
| 08012914 | 02/08/2008 | | C | 172 | 689.28 | Bestway |

| Qty | Item # | Description | Unit Price | Amount |
|---|---|---|---|---|
| 40 | AQ-4000 | Aquasana Counter Top Unit | 38.50 | 1540.00 |
| 40 | AQ-4100 | Aquasana Shower Filter Unit | 24.75 | 990.00 |
| 20 | AQ-4050 | UC conv. Kit | 25.10 | 502.00 |
| 20 | AQ-4105 | Premium Sh Filter w/handheld wand | 33.10 | 662.00 |
| 20 | AQ-4125 | Aquasana Shower Cartridge | 14.10 | 282.00 |
| 20 | AQ-4025 | Aquasana A&B Cartridge set | 16.20 | 324.00 |
| 4 | EQ-300 | Whole House Filter | 395.00 | 1580.00 |
| 8 | AQ-6000 | Aquasana Decanter 6-pack Introductory PROMO | 0.00 | 0.00 |
| 1 | Ship&H | Shipping & Handling | 0.00 | 0.00 |

| | Total | $5880.00 |
|---|---|---|
| | Terms: net 30 | $5880.00 |

Your sales rep: Charles @ Ext. 618

Notes:
 * FOB Fort Worth. Order will be shipped to two locations.

Thank you for choosing Sun Water Systems, Inc.  We appreciate your business.

# EXHIBIT A



**5400 BROKEN SOUND PKWY NW**
**SUITE 500**
**BOCA RATON, FL 33487**

| Date: | 2/7/08 |
|---|---|
| Order #: | BD2008 |

| Advertiser Information | |
|---|---|
| Company: | Sun Water Systems |
| Contact: | Dale Koehrsen |
| Telephone: | 518-664-1000 |
| Fax: | |
| Email: | dale@aquasana.com |
| Billing Contact: | |
| Address: | |
| Campaign/ Client | AQUASANA |

| Vitacost Information | |
|---|---|
| Contact: | Elan Vaknin |
| Telephone: | (561) 752-8888 x.257 |
| Fax: | (561) 752-8900 |
| Email: | evaknin@vitacost.com |
| | |
| Traffic Contact: | Sharon Bobowski |
| Telephone: | (561) 752-8888 x. 232 |
| Email: | sharon@vitacost.com |

**INSERTION ORDER**

| Placement | Ad Specs | Start Date | End Date | | | Net Cost |
|---|---|---|---|---|---|---|
| April 08 Catalog | Full page Advertisement, **last page, opposite featured product index.** Specs:  Size - 7" x 9.875" High resolution pdf | | Artwork due By 2/29/08 | | | $8,000.00 |
| Email Inclusion | Inclusion in at least one vitacost values email newsletter. | TBD | | | | Added value |
| New Product listing | Placement in the new product page. | TBD | | | | Added value |
| TOTAL COST | | | | | | $ 8,000.00 |

Terms: Payment by either check or credit memo due within 30 days from 3/31/08.

| Advertiser Signature: | | Publisher Signature: | |
|---|---|---|---|
| Name: | Houston Tomasz | Name: | Ira Kerker |
| Title: | VP | Title: | CEO |

**Vitacost Finance Department:**   Credit Approved ☐ Yes   ☐ No (If no is checked then prepayment is required)
Prepay: Check/Wire date received _____

Approved by: _____     Date:_____

# EXHIBIT B

13

## EXHIBIT D

### Advertising Guidelines and Marks Rules

**Advertising Guidelines**

1.      Dealer agrees not to "publish" ("publish" shall mean any offer that is viewable by the general public without making a purchase) a price more than 20% off of the Manufacturer's Suggested Retail or "List Prices" for any Company Product, as shown in the Company's web site www.aquasana.com, in any Dealer advertisements accessible by the general public., Web Site and/or marketing materials distributed to the general public. **It is understood that Dealer can sell the Company's Products at what ever price it chooses**, but may not "publish" pricing that does not comply with the Company's list prices and these advertising guidelines.  Vitacost's use of 2 low 2 show is an acceptable method of showing a price with a greater than 20% discount. As long as the "2 Low 2 Show" offer is not used in mass media advertising and only on Vita Costs own web site and the additional discount is only shown in the shopping cart and internal purchase confirmations.). The "agreed remedy" for violation of this clause is termination of this Dealer Agreement. Upon the termination of this Dealer Agreement, the Dealer agrees to immediately return all unused inventory of the Company's products to the Company for full credit and remove any reference to the Company, the Company's Marks or the Company's Products from all advertising, literature, Web Site and/or all other marketing and promotional materials. Failure by Dealer to comply with the terms of this paragraph will likely cause substantial damage to the Company for which Company may be entitled injunctive relief and monetary damages.

2.      Dealer will make all reasonable efforts to ensure compliance by all Sub-Dealers to the terms of this Agreement and to the Company's policies. Dealer agrees that knowingly using, or selling to, a Sub-Dealer or Agent that is not abiding by the Terms of this Agreement may harm the Company and cause liability to the Dealer.

3.      Upon termination of this Agreement by Company, Dealer agrees to return all of Company's Products and immediately discontinue use of all of Company's Marks and promotional materials and images.

4.      **Authorization to Use Marks.**

        Dealer must obtain Company's prior written consent to use and reproduce the Marks as Company may authorize in writing from time to time and solely in connection with the performance of Dealer's obligations under the Agreement.

5.      **Registration Symbols.**

        When using the Marks, Dealer must use the proper notice symbol to reflect whether a Mark is registered or unregistered. There are three types of symbols:

        ® indicates a trademark registered in the United States.

        Example: AQUASANA®

Initialed by Dealer_____ Initialed by Company_____

## EXHIBIT C

IN THE CIRCUIT COURT OF THE
JUDICIAL CIRCUIT, IN AND
FOR COUNTY, 2008 CA 013133 XXXX MB
CASE NO.:
Florida Bar No.:   0991767

VITACOST.COM, INC.,

      Plaintiff,

vs.

SUN WATER SYSTEMS, INC,

      Defendant.

_____/

SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the State:

      YOU ARE COMMANDED to serve this summons and a copy of the complaint in this action on Defendant, AEROGROW INTERNATIONAL, INC.

      By Serving:  **SUN WATER SYSTEMS, INC.**
                        **Charles Strand**
                        **Registered Agent**
                        **325 N. Beach St**
                        **Fort Worth, TX**
                        **76111**

      Each defendant is required to serve written defenses to the complaint on *Ira Kerker, Esquire,* plaintiff's attorney, whose address is 5400 Broken Sound Blvd NW Suite 500 Boca Raton, FL 33487, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

WITNESS my hand and official seal of said Court this MAY 0 7 2008 day of May, 2008

SHARON R. BOCK
Clerk & Comptroller

As Clerk of the Court

By: _____

As Deputy Clerk CATHERINE MAY

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 50 2008 CA 013133 XX XX MB AB

VITACOST.COM, INC.,

        Plaintiff,

v.

SUN WATER SYSTEMS, INC.,

        Defendant.

_____/

## NOTICE OF APPEARANCE

    PLEASE TAKE NOTICE that the law firm of Greenberg Traurig, P.A., hereby files a Notice of Appearance as counsel for Defendant, SUN WATER SYSTEMS, INC., in this matter and requests service of any and all pleadings, notices, etc. herein.

    I HEREBY CERTIFY that a true and accurate copy of the foregoing has been furnished by facsimile and U.S. mail to Ira Kerker, Esq., 5400 Broken Sound Boulevard, N.W., Suite 500, Boca Raton, FL 33487 this 29th day of May, 2008

                    GREENBERG TRAURIG, P.A.
                    777 South Flagler Drive, Suite 300E
                    West Palm Beach, FL  33401
                    Telephone:  (561) 650-7900

                    By: _____
                      Lorie M. Gleim, Esq.
                      Florida Bar No.: 0069231

Case 2:08-cv-80612-KAM Document 1 Entered on FLSD Docket 06/09/2008 Page 19 of 19

FILED by **RB** D.C.

ELECTRONIC

**June 06, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

§ S 44 (Rev. 2 08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS

VIATCOST.COM, INC.

### DEFENDANTS

SUN WATER SYSTEMS, INC.

**(b)** County of Residence of First Listed Plaintiff **Palm Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Tarrant**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Ira Kerker, Esq.
5400 Broken Sound Blvd. NW, Suite 500
Boca Raton, FL 33487
(561) 982-4180

Attorneys (If Known)

Lorie M. Gleim, Esq.

(d) Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

08CV 80612 KAM/LRS

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☒ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | |
| | Employment | ☐ 550 Civil Rights | Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | ☐ 950 Constitutionality of State |
| | Other | | Detainee | | Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).

(See instructions second page)

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                          DOCKET NUMBER

### VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**): 28 U.S.C. § 1332(a)
Unlawful vertical restraint of trade

LENGTH OF TRIAL via **2-3** days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ over 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD _Lorie M Gleim_

DATE 6/6/08

FOR OFFICE USE ONLY

AMOUNT **350.00**    RECEIPT #    IFP

724261

19 of 19